# PETITION UNDER 28 U.S.C. § 2254
# BY A PERSON IN STATE CUSTODY
# PURSUANT TO A STATE COURT JUDGMENT

| United States District Court Middle District of Florida | Division: **CRIMINAL** |
|---|---|
| Name : **SASHA NICOLE PRINGLE** | Case No.: 3:20-CV-35-J-20 PDB |
| Prison ID# **J42893** | **Place of Current Confinement and Address** **HERNANDO CORRECTIONAL INSTITUTION** **16415 SPRING HILL DRIVE** **BROOKSVILLE, FLORIDA 34604** |

| NAME OF PETITIONER | v. | NAME OF RESPONDENT |
|---|---|---|
| **SASHA N. PRINGLE** | v. | **MARK INCH** **SECRETARY FLORIDA** **DEPT. OF CORRECTIONS** |

| The Attorney General of the State of: | **FLORIDA, ASHLEY MOODY** |
|---|---|

## I. PROCEDURAL HISTORY

A. <u>Fourth Judicial Circuit, Duval County</u>
   Case Number *(if known)*: <u>16-2010-CF-02143</u>
B. Date of Judgment *(conviction/sentence)*: <u>10/06/2010</u>
C. Date of Sentence: <u>11/09/2010</u>
D. Sentence Imposed: <u>15 years to run concurrent with 30 years</u>
E. <u>DUI Manslaughter; Leaving the Scene of an Accident involving death; and Vehicular Homicide</u>
F. What was your plea?*(Check One)*
   [ ]Guilty          [√] Not Guilty          [ ] Nolo contendere
G. If you pleaded not guilty, what kind of trial did you have? *(Check one)*
   [√] Jury          [ ] Judge only (Bench Trial)
H. Did you testify at a pretrial hearing, trial, or post-trial hearing?
   [√] YES          [ ] NO Sentencing Hearing
I. Did you appeal from the judgment of conviction?
   [√] YES          [ ] NO
J. If you did appeal, answer the following:
   1. Name of Court: <u>First District Court of Appeals, Florida</u>
   2. Date Filed: <u>12/01/2010</u>
   3. Case Number *(if known)*: <u>1D10-6331</u>
   4. Date of Result: <u>10/31/2011</u>   <u>Mandate 11/ 29/2011</u>
   5. Citation to Case *(if known)*: <u>75 So.3d 273</u>
   6. Result: <u>Per Curium Affirmed</u>
   7. Grounds Raised on Appeal: <u>Appellant's Counsel filed an Anders Brief</u>
   8. Did you file a petition for rehearing? [ ] YES   [√] NO

9. Did you seek review in the Florida Supreme Court? [ ] YES  [√] NO
10. Did you file a petition for certiorari in the U.S. Supreme Court?
   [ ] YES   [√] NO
K. Other than the direct appeals listed above, have you filed any other petitions,
   applications, or motions challenging judgment of conviction in any state court?
   [√] YES   [ ] NO
L. If your answer to Question K is YES, answer the following:
   1. Name of Court: Fourth Judicial Circuit, Duval County, Florida
   2. 3.800 (c) Motion for Modification or Reduction of Sentence
   3. Case Number *(if known)*: 16-2010-CF-02143  Date Filed: 01/13/ 2012
   4. Grounds Raised: N/A
   5. Was an evidentiary hearing held on your petition or motion? [ ] YES [√]  NO
   6. Results: Denied Date of Result: 03/12/2012
M. If you filed a second petition, application, or motions, answer the following:
   1. Name of Court: Fourth Judicial Circuit, Duval County, Florida
   2. Post Conviction Motion Rule 3.850 (Original)
   3. Case Number *(if known)*: 16-2010-CF-02143 Date Filed: 07/25/2012
   4. Grounds Raised: Claim I-II Ineffective Assistance of Counsel; Claim III
   Violation of the Constitution or Laws of the United States or State of Florida
   5. Was an evidentiary hearing held on your petition or motion?
      [ ] YES   [√]  NO
   6. Result: Order Granting Defendant Leave to Amend  Date of Result: 07/18/2017
N. If you filed a third petition, application, or motion, answer the following:
   1. Name of Court: Fourth Judicial Circuit, Duval County, Florida
   2. Amended Post Conviction Motion Rule 3.850
   3. Case Number *(if known)*: 16-2010-CF-02143   Date Filed: 09/20/2017
   4. Grounds Raised: Claim I-II Ineffective Assistance of Counsel; Claim III
   Violation of the Constitution or Laws of the United States or State of Florida
   5. Was an evidentiary hearing held on your petition or motion?
      [ ] YES   [√]  NO
   6. Results: Denied   Date of Results: 11/15/2017
O. If you filed a fourth petition, application or motions, answer the following:
   1. Name of Court: First District Court of Appeals, Florida
   2. Identify what you filed  Appeal of Motion for Postconviction Rule 3.850
   3. Case Number *(if known)*: 1D17-5378   Date Filed: 03/08/2018
   4. Grounds Raised: Claim I-II Ineffective Assistance of Counsel; Claim III
   Violation of the Constitution or Laws of the United States or State of Florida
   5. Was an evidentiary hearing held on your petition or motion?
      [ ] YES   [√]  NO
   6. Results: Denied   Date of Results: 2/12/19    Mandate Date: 6/11/2019
P. Did you appeal to the highest state court having jurisdiction over the action taken
   on your petition, application, or motion?
   1. First Petition:       [ ] YES   [√]  NO
   2. Second Petition:   [ ] YES   [√]  NO
   3. Third Petition:      [ ] YES   [√]  NO
   4. Fourth Petition:    [ ] YES   [√]  NO
Q. Have you previously filed a § 2254 petition or other pleading regarding the validity of
   your state conviction or sentence in any federal court?
   [ ] YES   [√]  NO

## II.    GROUNDS RAISED IN CURRENT § 2254 PETITION

### A. Ground One:    TRIAL COURT FAILED IN ITS DENIAL OF THE JUDGMENT OF ACQUITTAL

1. Supporting Facts:    **a.) TRIAL COURT ERRED IN DENYING THE PETITIONER'S JUDGMENT OF ACQUITTAL MOTION AND THE PETITIONER'S DUE PROCESS WAS DENIED IN THAT THE EVIDENCE WAS CONSTITUTIONALLY INSUFFICIENT TO SUSTAIN A VERDICT OF GUILT**

**b.) TRIAL COURT ERRED IN DENYING THE PETITIONERS JUDGMENT OF ACQUITTAL MOTION WHEN THE STATE FAILED TO PROVE ALL THE ELEMENTS OF THE CRIME FOR PURPOSES OF LEAVING THE SCENE OF AN ACCIDENT, THUS VIOLATING THE PETITIONER'S DUE PROCESS OF THE 14TH AMENDMENT**

**a.**    The Petitioner would present that the trial court erred in denying her Motion for Judgment of Acquittal because the States' evidence failed to establish that Ms Pringle caused or contributed to the cause of the crash.

Steven Kohn, one of the eyewitnesses of the crash testified that it was Ms Pringle who cause the crash by swerving into and side swiping the victim's vehicle, causing Ms Kajy's vehicle to flip over. (See Attachment A-1, A-2)

Mr. Kohn claims that while both vehicles begin to lose control and fishtail, Ms Pringle regains control of her vehicle and the victim begins flipping, causing her death. (See Attachment A-3)  However, this is wholly unsupported by any physical evidence. In  fact, the state's expert re-constructionist, law enforcement officers and the rest of the state's witnesses all agree on one thing; there was not one bit of physical evidence on  the roadway providing that another vehicle, besides the victim's vehicle, was involved. (See Attachment A-4)  The Petitioner would also present there was no substantial physical evidence that she veered into the victim's lane, losing control or fishtailing. It is common knowledge that when a car fishtailing it leaves

erasing or scuff marks in the roadway. However, after viewing the roadway, there is no such marks left by Ms Pringle's vehicle; also indicating a single car accident.

(See Attachment A-4, A-5)

The expert witness, Mr. Ruotolo, testified that it was Ms Pringle who caused the crash and was at fault. Again, his opinion was not based on or supported by any physical evidence. In fact, after viewing the pictures of the crash, the roadway and the vehicles, Mr. Ruotolo himself admits there was no physical evidence of a second vehicle involved. Further, he admits that his opinion and findings depend on one thing; the accuracy of Mr. Kohn's memory and his perception of the crash. The expert also explains that a persons line of sight can cause people to think they saw something when in fact they did not. (See Attachment A-6)

The Petitioner would present that Mr. Kohn was clearly mistaken about the events of the night. He initially claimed Ms Pringle collided with the victim's vehicle. However, not one person could prove that the vehicles touched, not the expert or law enforcement. In fact, when law enforcement conducted a scientific analysis to see whether the vehicles exchanged any paint, the results were inconclusive.

(See Attachment A-7)

Florida Highway Patrol officer, David Bazinet, one of the first to arrive at the scene, did not find physical evidence of a second vehicle involved. (See Attachment A-8) Corporal Bennett also with the Florida Highway Patrol testified that he found no evidence of Ms. Pringle's vehicle being involved including evidence of fishtailing. ( See Attachment A-9) Also eye witness Dan Williamson, who was driving behind both Ms Pringle and the victim, said he did not see any of the vehicles near the victim SUV do anything to cause the SUV to lose control. (See Attachment A-10)  Witness Danny Brown was also traveling south bound on the Buckman Bridge. He knew

witness Dan Williamson who was about 35 yards in front of his vehicle. As Mr. Brown approached the top of the Buckman Bridge, he observed a small car swerve over to the left. The small car swerved from right to left toward the center of the bridge. Mr. Brown would not see any other vehicle engage with the vehicle that lost control. (victim SUV) "The small blue silver car swerved away from the other vehicle," Mr. Brown said. On cross-examination, Mr. Brown testified it was his impression that it was a single vehicle crash. (See Attachment A-11)

As can be seen from the above witnesses, there definitely was a lack of consistent evidence for the jury to find that Ms Pringle caused or contributed to the car crash that resulted in the death of the victim. Here, someone is convicted of first degree felony and is sentenced to 30 years prison based on no physical evidence and the circumstantial evidence of inconsistent testimonies made by these lay and expert witnesses. Thereby this evidence should not have stood, violating Ms Pringle's 14th & 16th constitutional right of Due Process when the trial court failed to grant her Motion for Judgment of Acquittal.

No matter how difficult a case may be, it is incumbent upon our Judicial System to assure that the accused is not deprived of life, liberty, or property and is only found guilty following the due process of our laws.

**b.**     The Petitioner argues that the trial court erred in denying her Motion for Judgment of Acquittal because the state failed to prove all the element of the crime for purpose of leaving the scene of an accident involving a death. Thus violates her 14th Amendment Constitutional Right to Due Process.

In order to be in violation of Fl. Stat. 316.027 the state must prove that Ms Pringle had actual knowledge of an accident in order to be in violation of "willfully" and/or "intentionally leaving the scene.

The Petitioner would present that she had no knowledge of crash occurring. The Florida Supreme Court in *Dorsett v. State* 158 so 2d. 557 (Fla 2015) determined that a willful violation of Fl. Stat. 316.027 can only be established if the driver had actual knowledge that a crash occurred, an essential element to the crime. Further, the Supreme Court in *Dorsett* stated that Fl. Stat. 316.027 "misstates the law" when they say the driver either "knew or should have known" of the crash occurring. Accordingly, the knowledge element in this statue is the element that triggers the affirmative duty, id @ 562 " the affirmative course of action to be taken by the driver and it necessarily follows that one had to be aware of the facts giving rise to that affirmative duty in order to perform (or not to perform) such a duty." So it stands to reason that in order to charge Ms Pringle with leaving the scene involving a death, she would have to have knowledge of said accident.[1] Further, in order to <u>willfully</u> leave the scene she also would have to have knowledge that an accident or crash occurred, for one cannot willfully and intentionally leave a scene of an accident while at the same time being unaware of said crash.

The Florida Supreme Court still is unclear as to what exactly the definition of a crash is. Upon reviewing Jury instructions for Fl. Stat 316.027 (2) from West Florida Criminal Laws and Rules (2019) it states the following:

> "It is unclear whether the courts will interpret the statutory phrase of involved in a crash' as including instances where the defendant's vehicle did not collide with another vehicle, person or object, but the defendant's driving pattern caused vehicle #2 to collide with a person, an object or vehicle #3." See *State v. Elder* 975 So 2d 481 (Fla 2nd DCA 2007) (Decided before) *Gaulden* 195 So 3d 1123 (Fl 2016).

However, the jury instructions currently quote a vehicle is "involved in a crash" if it collides with another vehicle, person, or object. Thereby, as one can see

---

[1]    Florida Jury Instructions 28.4 has since changed to include that the "defendant knew that she was involved in a crash." As opposed to the former Jury Instruction that stated "Defendant knew and should have known."

the Courts of the State of Florida still cannot determine if Ms Pringle was or was not involved in a crash, because by their own definition she was not. The Petitioner here would rely on this Court to see the conflict in Florida and help the Florida Courts come to some finality in this situation.

The facts of the instant case are as follows: When officer T.C. Hall of the Jacksonville Sheriff's Dept approached and detained Sasha Pringle, she informed him that she was unaware of an accident occurring as supported by the record (See Attachment A-12). Officer Steven Votava also states in his witness interview that, Ms Pringle, when asked "if she was in an accident today," she stated, "no". See Attachment A-13) Also, Corporal A.C. Bennet whom was the lead investigator, did the diagram of the accident, documented and photographed the accident and wrote a detailed investigative report of the accident. In his report he states, "she did not see the crash occur". (See Attachment A-14) All of these statements provided by law enforcement support Ms Pringle's claim that she had no knowledge of an accident or crash occurring. Thus, her claim here that she did not meet, and the State did not prove, all the elements required by law to sustain a finding of guilt were never met.

As in *Jackson v. Virginia* 61 led 2d 560,443 U.S. 307 4th Circuit 1979 the evidence here was insufficient to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense. Prosecution's evidence fell so far short that it was unreasonable for the (trial court) to conclude that it met the *Jackson v. Virginia* standard.

In applying the "no evidence" criterion announced in *Thompson v. Louisville,* 362 U.S. 199 4L Ed 2d 654, 80 so s. ct. 624), a conviction based upon a record wholly devoid of any relevant evidence of an element of offense charged is unconstitutional, found the record devoid of evidence of premeditation. Applying the same standard in

said case, it is clear that the existence of relevant evidence concerning the knowledge

element as well as the willfulness element of Fl. Stat 316.027 was not fulfilled.

Thereby Ms Pringle's right to Due Process, a violation of the 6th Amendment

was violated when the trial court failed to grant her Motion for Judgment of

Acquittal. Wherefore the Petitioner would request that this Court reverse to the lower

tribunal for a new trial.

2. Did you raise this claim in state court by direct appeal?
   [ ] YES   [√] NO
   It was raised when Post Conviction attorney was hired for Rule 3.850
3. Did you raise this claim in a Rule 3.850 motion or otherwise?
   [√] YES [ ] NO
   Rule 3.850
   a. Fourth Judicial Circuit, Duval County
   b. Case # (if known): 16-2010-CF-02143
   c. Date of Decision: 11/15/2017
   d. Result: Denied
4. Did you receive a hearing on your motion or petition?
   [ ] YES [√ ] NO
5. Did you appeal from the denial of your motion or petition?
   [√ ] YES [ ] NO
6. Was Ground One raised in your appeal?
   [√ ] YES  [ ] NO
   a. First District Court of Appeal, Florida
   b. Case # (if known): 1D17-5379
   c. Date of Decision: 2/12/19   Mandate 6/11/19
   d. Result: PCA-Denied

## B.    Ground Two: TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO OBJECT TO THE WITNESS TESTIMONY

1. Supporting Facts:    Trial counsel rendered ineffective assistance of counsel in

violation of the 6th Amendment when counsel failed to object to expert and lay

witness testimony that the Petitioner had caused the crash and was at fault, a sole fact

for the Jury to decide. As a result of this testimony, the expert and other witnesses

were testifying as to the ultimate conclusion, that Ms Pringle, Petitioner was guilty

which invaded the province of Jury.

a.    The expert witness, George Ruotolo was called by the State of Florida.  Very significant damaging evidence was presented by Mr. Ruotolo and the defense failed to object to the question and answer given by Mr. Ruotolo, to wit:

Q:    Any question in your mind that the defendant is at fault
A:    No, sir.
(See Attachment A-15)

The expert opinion cannot be properly admitted as the sole evidence, which went directly to the ultimate act for which the Petitioner was charged.  Ms. Pringle was charged with leaving the scene of an accident involving a death and DUI Manslaughter, both of which require that she was the ultimate cause of the crash.  Mr. Ruotolo's opinion testimony that she cause the crash, would be the sole evidence that went directly to the ultimate act.  It was his opinion alone that purported to establish that the Petitioner was the actual cause of the crash and thereby should not have been permissible.

The failure of the defense to object to the above question and the failure to move for a mistrial was ineffective assistance of counsel, violations Ms. Pringle's 6th Amendment Right. This error greatly prejudiced her case and interfered with the Jury's province as to the sole fact finder of Ms. Pringle's guilt.

In applying the conditions set out in section 90.702 (2) Enrhardt's Florida Evidence "an expert may give a dissertation or draw an explanation of scientific principals relevant to the case, leaving the trier of facts to apply these principles to the facts of the case." However, Mr. Ruotolo's response went beyond giving a direct inference, it then crossed over to said expert giving his opinion of guilt rather than letting the Jury draw their own conclusion based on the events perceived.  Mr. Ruotolo was clearly allowed to speak on his findings as he has done so.  However, "when a witness is asked to express an opinion that applies to a legal standard to set of facts, the opinion testimony is generally inadmissible."  See Sec. 90.703 (1) Enrhardt's FL. Evidence.

Mr. Ruotolo was a highly qualified expert of accident reconstruction and when he said Ms. Pringle was guilty, how was a Jury to think differently when the very issue was who or what caused the victim to go over the bridge to her death. The expert could testify as to the facts, but not as to his opinion of guilt. A reasonable attorney should have caught such an error and the failure to object and move for a mistrial was a violation of Ms. Pringle's 6th Amendment Constitutional Right.

    **b.**    Steven Kohn, one of the main eyewitnesses to the crash was able to testify through a 911 tape of his conversation with the 911 operator as to <u>who caused the crash</u> (opinion testimony on the ultimate issue). Mr. Kohn related in the 911 tape that when the SUV (victim's vehicle) tried to pass Ms. Pringle, Ms. Pringle's vehicle swerved over and that caused the victims vehicle to flip over. (See Attachment A-1). This was a legal opinion given by a lay witness, which is also inadmissible. The defense counsel should have made a Motion of Limine preventing this opinion testimony of Mr. Kohn from being admitted. Failure to prevent this damaging evidence from being presented to the Jury was ineffective assistance of counsel, which greatly prejudiced the Petitioner.

In addition, Mr. Kohn testified that he got officers attention by flashing his lights, he then asked officers, "were they looking for the blue Honda that caused the accident on the Buckman Bridge?" and they said , "yes". ( See Attachment A-16). Again, the witness gave an opinion on the ultimate issue as to <u>who caused the crash</u>, a continued invasion of the Jury's responsibility and determination. In light of the expert witness and Mr. Kohn's testimony from the 911 tape, all discussing causation this compounded the errors made by the defense counsel. Counsel should have filed a Motion in Limine to preclude this testimony as to who caused the accident and without counsel doing so, it was impossible for the Petitioner to get a fair trial. The defense not performing as counsel as guaranteed by the 6th Amendment to the United States Constitution.

In addition to the improperly admitted testimony of the witnesses, as to the Petitioner causing the crash, the Prosecutor referred to the 911 tape in his initial closing argument and thereby reemphasized this crucial inadmissible evidence (See Attachment A-17)

Mr. Borello:     Thank you, Your Honor
                 May it please the Court?

The Court:       Yes, sir.                          [State's closing argument begins]

Mr. Borello:     Lets talk about DUI Manslaughter, Vehicle
                 Homicide and leaving the scene of a crash. This is a
                 crime.                             [Playing audiotape]

Unidentified Voice:     Jacksonville 911?

The Witness:     Yes, I have an SUV that just flipped over and hit
                 the Buckman Bridge. I called in earlier about this
                 passenger bobbing and weaving all over
                 the street and now it done caused somebody to
                 flip over- and flipped over and landed in the
                 river.                             [emphasis added]

The State exacerbated this inadmissible evidence error during its final argument.

Why can't the Jury be allowed to decide this?

Even further, the prosecutor again noted what the expert George Ruotolo, said about who caused the crash. (See Attachment A-18) The defense did not object to this inadmissible evidence and move for a mistrial. The prosecutor argued:

"*After Corporal Bennet you heard from George Ruotolo, uncontradicted, unimpeachable expert of long standing in the field of traffic homicide reconstruction, been doing it all his life, police officer, and he told you without question, without hesitation that the defendant was at fault and it doesn't matter if the cars touched or not. This defendant was at fault."*
[emphasis added]

How many times does this evidence of the Petitioners guilt and fault have to be mentioned in this trial with the defense counsel remaining silent and assisting with the prosecutor's case?

Wherefore, the Petitioner would ask this Court to find that Trial Counsel provided ineffective assistance of counsel and the case be remanded for a new trial.

2. Did you raise this claim in state court by direct appeal?
   [ ] YES    [√] NO
   It was raised when Post Conviction attorney was hired for Rule 3.850
3. Did you raise this claim in a Rule 3.850 motion or otherwise?

[√] YES  [ ] NO
Rule 3.850
  a. Name and location of the court where the motion or petition was filed:
    Fourth Judicial Circuit, Duval County
  b. Case # *(if known)*: 16-2010-CF-02143
  c. Date of Decision: 11/15/2017
  d. Result: Denied
4. Did you receive a hearing on your motion or petition?
  [ ] YES   [√] NO
5. Did you appeal from the denial of your motion or petition?
  [√] YES  [ ] NO
6. Was Ground One raised in your appeal?
  [√] YES  [ ] NO
  b. First District Court of Appeal, Florida
  c. Case # *(if known)*: 1D17-5379
  d. Date of Decision:  2/12/19  Mandate 6/11/19
  e. Result: PCA-Denied

**C.    Ground Three: THE PETITIONERS DUE PROCESS RIGHT TO A FAIR TRIAL WAS VIOLATED WHEN THE JURY INSTRUCTIONS GIVEN WERE WRONGLY- LABELED AND MISLEADING. AS SUCH THE STANDARD THE JURY USED TO CONVICT MS. PRINGLE "MISSTATES THE LAW", RELIEVING THE STATE THE BURDEN OF PROVING EVERY ELEMENT BEYOND A REASONABLE DOUBT.  THE FAILURE TO PROVE EVERY ELEMENT OF OFFENSE WAS PREJUDICIAL AND THEREBY VIOLATES MS PRINGLE'S DUE PROCESS.**

  1. Supporting Facts:      The Petitioner was charged with FL. Stat. 316.027, leaving the scene involving a death, a charge of deliberate intent, in that Ms Pringle "purposely and knowingly" left the scene of an accident involving a death.  The Petitioner would argue that she did not do so purposely or knowingly and therefore should not be found guilty of the crime. The trial judge, upon the prosecutor's request instructed the Jury that in order to prove the crime of FL. Stat. 316.027, the State must prove the following four elements:

    ▪ Ms Pringle was the driver of a vehicle involved in a crash resulting in death.

    ▪Ms Pringle knew or should have known that she was involved in a crash.

    ▪Ms Pringle knew or should have known of an injury or death of a person.

    ▪Ms Pringle willfully failed to stop at the scene of a crash and render aid.

The Petitioner would present *Dorsett v. State* 158 So 3d 557 (FL. 2015) to support her claim. The Supreme Court in *Dorsett* has determined that because the law requires actual knowledge of an accident, that actual knowledge is required and as such, the jury instructions are faulty because they allow the jury to presume actual knowledge with the instruction of "should have known" (emphasis added).   Fla Stat. 316.027 does not state that actual knowledge is required for a violation; however, the law does expressly provide that a felony criminal violation require the driver to "willfully" violate the statue.  The Florida Supreme Court has determined that a willful violation can only be fulfilled if the driver had actual knowledge of the accident.

Ms Pringle would argue that she had no knowledge of an accident, which is supported by the record as well as determined by the factual elements after the crash.  She would also present that knowledge of the accident itself, is an essential element to be proven, for one cannot willfully and intentionally leave the scene of an accident without awareness of said accident.

The facts of the instant case are as follows:

▪Ms Pringle was unaware a crash occurred as testified by Officer T.C. Hall (See Attachment A-12)

▪When Officer Steven Votava asked Ms Pringle "if she was in an accident today," she stated, "no" (See Attachment A-13)

▪Also as stated by Corporal A.C. Bennett, the lead investigator, he provides that, "she did not see the crash occur." (See Attachment A-14)

All of these statements provided by law enforcement support the Petitioners claim that she had no knowledge of an accident and that the proper jury instructions be afforded; to her to wit: "Ms Pringle knew she was involved in a crash" as opposed to "knew or should have known."

According to *Chamber v. McDaniel* 549 F3d 1191; *Barron v. Jones* 2018 U.S. District Lexis 104103, as well as *Sandstrom v. Montana* 442 U.S. 510 (1979) the courts have undoubtedly ruled repeatedly that when all elements of a crime are not proven by the state and are required to do so in the jury instructions, the defendants Due Process under the 14th Amendment has been violated.

In *Sandstrom v. Montana* 61 LED 2d 39, 442 U.S. 510, the Supreme Court determined that the jury instructions were unconstitutional, violating the 14th Amendment Due Process requirement that the state prove every element of a crime beyond a reasonable doubt. *Sandstrom* provides that "since the jury might have interpreted the presumption in the instructions as conclusive presumption, which would conflict with the overriding presumption of innocence which is endowed upon an accused by law and extends to every element of a crime, and which would invade the fact finding function assigned to the jury, and since the jury might have interpreted the presumption as being one shifting, impermissibly, the burden of presumption to the defendant to prove that he lacked the requisite mental state." In the instant case like in *Sandstrom* the Florida jury instruction was faulty. The "knew or should have known" allowed the presumption of an element of the crime. Thus, exempting the state from actual proof of an element of the crime. Thus, the given jury instruction divested Ms Pringle from her 14th Amendment right of Due Process.

Florida Supreme Court has attempted to fix Standard Jury Instruction 28.4 on several occasions. However currently the instruction has comments that state the following:

"*As of September 2018, it is unclear whether the courts will/would interpret the statutory phrase of " the driver of a vehicle involved in a crash" <u>as including instances where the defendant's vehicle **did not collide** with another vehicle, person or object, but the defendant's driving pattern caused vehicle #2 to collide with a person, object, or vehicle #3</u>"* [emphasis added]  See *State v. Elder* 975 So 2d 481 (Fla 2d DCA 2007) also *Gaulden v. State* 195 So 3d 1123.
    Thus showing that the courts are still unsure as to actual knowledge of a crash when no vehicle actually collides with another vehicle, person, or object.

In the instant case, the defendant clearly states she was unaware of said "crash". Her statement is supported by testimony and written statements given by police officers on the scene who were involved in the investigation of the case. Had the jury been presented with instructions that state the defendant had "actual knowledge" the jury then would not have convicted Ms Pringle but would have found that reasonable doubt exist as to her innocence.

Wherefore the defendant has presented a clear violation of her 14th Amendment Right to Due Process. This court should reverse and remand this case back to the trial court with instruction to give proper jury instructions to ensure, the defendant, her right to a fair and impartial jury and where the State is required to prove beyond a reasonable doubt <u>all</u> elements of the charged crime.

2. Did you raise this claim in state court by direct appeal?
   [ ] YES   [√] NO
   <u>Claim was raised in Post Conviction Motion Rule 3.850</u>
3. Did you raise this claim in a Rule 3.850 motion or otherwise?
   [√] YES   [ ] NO
   <u>Rule 3.850</u>
   a. <u>Fourth Judicial Circuit, Duval County</u>
   b. Case # *(if known)*: <u>16-2010-CF-02143</u>
   c. Date of Decision: <u>11-15-17</u>
   d. Result: <u>Denied</u>
4. Did you receive a hearing on your motion or petition?
   [ ] YES   [√] NO
5. Did you appeal from the denial of your motion or petition?
   [√] YES   [ ] NO
6. Was Ground One raised in your appeal?
   [√] YES   [ ] NO
   a. If not raised in your appeal, why not?
   b. <u>First District Court of Appeal, Florida</u>
   c. Case # *(if known)*: <u>1D17-5379</u>
   d. Date of Decision:  <u>2/12/19</u>  <u>Mandate 6/11/19</u>
   e. Result: <u>PCA-Denied</u>

**D.    Ground Four**   TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO HIRE A CRASH RECONSTRUCTIONIST.

1. Supporting Facts:      The Petitioners 14th Amendment Right to Due Process was

violated when trial counsel failed to hire a crash re-constructionist to refute and evaluate the

states expert re-constructionist, thereby disproving the state's theory that the Petitioner was the cause of the crash.

The Petitioner has raised, in the past, six ways in which she was prejudiced by counsels failure to hire a crash re-constructionist. The following six issues are as follows:

1. Where there is no information or evidence to establish Ms Kajy's (victim) behavior at the time of the crash, the expert would have determined if her reaction was a normal reaction or if it was a over reaction. This expert would have shown that the victim was driving distractedly which caused her to make a strong sudden movements and over react. There is no evidence that the Petitioner's vehicle entered the victim's lane, thereby this distracted driver over reacted to a normal roadway situation, which caused the vehicle to lose control. This information would have created doubt in the Jury's mind as to whether the Petitioner was the actual cause of said crash.

2. Here, an expert would have determined the actual rate of speed that Ms Kajy was driving. The state's expert never determined this factor. Without this important information one cannot determine what the vehicle's response would or could have been and if the rate of speed was a deciding factor as to the cause of the crash. This information could only have been obtained by hiring a crash reconstruction for the defense.

3. Had defense counsel hired a crash re-constructionist, the expert, after reviewing the accident photos, would have testified to the facts that there were no erasing or skid marks found on the road-way from the Petitioner's vehicle. This is vital information for one to be able to determine what happened in said crash.

4. When defense counsel failed to hire an expert for the defense, he failed to obtain a second opinion to either confirm or refute the state's expert witness. The need for a second expert opinion can be seen for example with any doctor's diagnosis of cancer. One would seek a second medical opinion to measure the accuracy of any results or tests taken that result in the

doctor's conclusion of a cancer diagnosis. Here, Ms Pringle's attorney completely failed her when he neglected to retain a crash re-constructionist to check the accuracy of the state's factual findings.

5. An expert for the defense would have drawn his own diagram, not only based on Mr Kohn's statement and the state's own measurements, but from his own measurements and several other witnesses at the scene who gave conflicting reports. This diagram would have placed Ms Pringle and the victim in different locations on the roadway or removed Ms Pringle from the scene altogether.

6. Finally, the Petitioner contends that there are other possibilities as to the cause of the accident. When neither driver in a two-car crash can describe and testify to the facts of the accident, it is important that an expert of neutrality review all relevant and substantive facts and evidence to come to a final determination as to the actual cause of said accident.

In Conclusion, counsel had a duty to present its own "expert" witness to refute the state's witness, contention, and his failure to do so left the jury believing that there was no other possible cause for the crash than the Petitioner's own error. Defense counsel is rendered ineffective when he or she does or does not do something outside of that which any other reasonable attorney would or would not do if faced with the same set of circumstances. The Petitioner asserts that any reasonable attorney would have procured his own re-constructionist to refute the state's expert testimony, and the Petitioner was inherently prejudiced by his failure to do so.

Wherefore the Petitioner Constitutional Right to Due Process was violated when trial counsel failed to hire a crash re-constructionist for the defense. The Supreme Court has held that a motion of ineffective assistance of counsel for lack of hiring an expert is facially sufficient as long as it explains the relevance and substance expected from the testimony of the alleged expert.

The Petitioner has presented relevance of the need of said expert as well as the substance this expert would have provided and request this Court to find that trial counsel failed in their representation and the case be remanded for a new trial.

    Did you raise this claim in state court by direct appeal?
[ ] YES   [√] NO
Claim was raised in Post Conviction Motion Rule 3.850
2.  Did you raise this claim in a Rule 3.850 motion or otherwise?
[√] YES  [ ] NO
Rule 3.850
a. Fourth Judicial Circuit, Duval County
b. Case # *(if known)*: 16-2010-CF-02143
c. Date of Decision: 11-15-17
d. Result: Denied
3.  Did you receive a hearing on your motion or petition?
[ ] YES  [√] NO
4.  Did you appeal from the denial of your motion or petition?
[√] YES  [ ] NO
a. First District Court of Appeal, Florida
b. Case # *(if known)*: 1D17-5379
c. Date of Decision:  2/12/19  Mandate 6/11/19
d. Result: PCA-Denied

### E.   Ground Five: PETITIONERS RIGHT TO DUE PROCESS WAS VIOLATED WHEN THE STATE'S EVIDENCE FAILED TO SUPPORT A CONVICTION OF GUILT.

  1. Supporting Facts:    The Appellant Court in *Smith v. Patrick* 508 F3d 1256 (9th 2007) " reinstated its earlier judgment and opinion because the prosecution's evidence fell so far short that it was unreasonable for the state Appellate Court to conclude that it met the *Jackson v. Virginia* (61 LED 2dD 560,443 U.S. 307) (4th 1979) Standard and the constitutional standard announced in *Jackson* qualified as holding and not dictim, under 28 U.S.C.S. § 2254 (d) (1)."

This same holding should apply in the Petitioners case as the prosecution's evidence not only fell short, but was very contradicted.

Further, in *Jackson v. Virginia*, in citing *Thomas v. Louisville*, 362 U.S. 199 4 LED. 2d 654 80 S. Ct. 624 the court held that " a conviction based upon a record wholly devoid of

any relevant evidence of an element of offense charged is unconstitutional." Thus the Petitioners conviction with lack of relative evidence of the elements of the offense is also unconstitutional.

The Petitioner was denied her Due Process Right to a fair trial when the state was relieved of it's burden of proof by presenting insufficient evidence to sustain a conviction.

Ms Pringle would present numerous witness testimonies including law enforcement as well as expert testimony that show a clear lack of consistent evidence for any jury to be able to find that she caused or contributed to the car crash that resulted in the death of the victim. Thus, Ms Pringle's Due Process Right was violated when the trial court permitted the jury to convict her based on the circumstantial evidence made up of the following inconsistent testimonies, as well as a complete lack of physical evidence.

Florida Highway Patrol Corporal, David Bazinet, one of the first to arrive at the scene, took measurements and looked for physical evidence of the crash, testified that he found no physical evidence of a second vehicle involved. Further, Corporal Bazinet also testified that he found no signs of swerving or fishtailing in the roadway by Ms Pringle's vehicle that would indicate a two car crash. (See Attachment A-8).

Eyewitness Dan Williamson, who was driving behind both the Petitioner and the victim's vehicle on the Buckman Bridge said he did not see any of the vehicles near the victim's vehicle do anything to cause the vehicle to lose control. (See Attachment A-10). Also eyewitness Danny Brown was on the Buckman Bridge and he said he observed a small car swerve over to the left. The small car swerved from right to left toward the center of the bridge. Mr Brown did not see any other vehicle engage with the victims SUV. Mr Brown said, "the small blue silver car swerved away from the other vehicle." On cross-examination, he testified that it was his impression that it was a single car accident. (See Attachment A-11)

Steven Kohn, the eyewitness to the accident, said that it was the Petitioner who caused the crash and was at fault. He testified that Ms Pringle swerved into and side swiped the victim's vehicle, causing the victim's vehicle to flip over the Buckman Bridge ( See Attachment A-1, A-2). Mr Kohn claims that while both vehicles begin to lose control and fishtail, Ms Pringle regains control of her car and the victim begins flipping, causing her death (See Attachment A-3). Again, this is wholly unsupported by any physical evidence as testified by law enforcement as well as the other eyewitnesses to the crash who testified.

Finally, the crash reconstruction expert for the State, Mr Ruotolo, testified that it was the Petitioner who caused the crash. However, his opinion was not based on or supported by any physical evidence. After reviewing pictures of the crash, the roadway, and the vehicles, Mr Ruotolo testified that there was no physical evidence of a second vehicle involved. Further, the expert admits that his opinion and findings depend on one thing; the accuracy of Mr Kohn's memory and his perception of the crash. (See Attachment A-6)

The Petitioner would also present there was not a single person who could prove or conclude that the two vehicles; Ms Pringle and the victims, made contact, not law enforcement nor the states expert. In fact when law enforcement conducted an analysis to see whether the vehicles exchanged any paint, the results were inconclusive.

(See Attachment A-7)

Therefore, as can be seen from these witness testimonies, there was definitely a lack of consistent evidence for the jury to find that the Petitioner caused or contributed to the car crash. Thereby this evidence should not have stood and by allowing the jury to convict her based on this insufficient evidence, violates Ms Pringle 14th Amendment Constitutional Right of Due Process.

Wherefore, the Petitioner would ask this Court to find that the conviction, with lack of relative evidence of the elements of offense, is unconstitutional and remand for a new trial.

Did you raise this claim in state court by direct appeal?

[ ] YES    [√] NO

Claim was raised in Post Conviction        Motion Rule 3.850

2.  Did you raise this claim in a Rule 3.850 motion or otherwise?

[√] YES  [ ] NO

Rule 3.850

a. Fourth Judicial Circuit, Duval County

b. Case # *(if known)*: 16-2010-CF-02143

c. Date of Decision: 11-15-17

d. Result: Denied

3.  Did you receive a hearing on your motion or petition?

[ ] YES    [√] NO

4.  Did you appeal from the denial of your motion or petition?

[√] YES  [ ] NO

a. First District Court of Appeal, Florida

b. Case # *(if known)*: 1D17-5379

c. Date of Decision:  2/12/19  Mandate 6/11/19

d. Result: PCA-Denied

## E.    Ground Six: PETITIONERS RIGHT TO DUE PROCESS WAS VIOLATED WHEN THE STATE'S EVIDENCE FAILED TO SUPPORT A CONVICTION OF GUILT.

1.  Supporting Facts:Petitioners right to a fair trial based on the 14th Right of Due Process was violated when the state did not prove beyond a reasonable doubt every element necessary to convict of the crime, leaving the scene of an accident involving a death.

In order to be in violation of FL. Stat. 316.027 the state must prove the following elements beyond a reasonable doubt:

1)  Ms Pringle was the driver of a vehicle involved in a crash resulting in death.

2)  Ms Pringle knew or should have known that she was involved in a crash.

3)  Ms Pringle knew or should have known of the injury or death of a person.

4)  Ms Pringle willfully failed to stop at the scene of the crash and render aid.

The Petitioner would present that the State has failed to prove these elements as the

very question at hand was whether Ms Pringle's vehicle was involved in said crash/accident.

Unless a definite crash is established or proven, all other remaining elements would

be impossible to prove. Without the presence of any physical evidence that Ms Pringle's

vehicle was involved, it is impossible to prove these remaining three elements and thereby a

violation of Due Process. The Record wholly supports this claim as law officials and the expert himself all agree there was not one shred of physical evidence left on the roadway of the victim's vehicle that places Ms Pringle at the scene of the accident. (See Attachment A-4)

As of September 2018 the Florida Supreme Court still is unclear as to what exactly the definition of a crash is. Upon reviewing Jury Instructions for FL. Stat. 316.027 (2) from West FL Criminal Laws and Rules (2019), it states the following:

"*It is unclear whether the courts will interpret the statutory phrase of " involved in a crash as including instances where the defendant's vehicle did not collide with another vehicle, person or object, but the defendant's driving pattern caused vehicle #2 to collide with a person, object or vehicle #3.*"

However, the jury instructions currently quote "a vehicle is 'involved in a crash' if it collides with another vehicle, person or object." Thereby, as one can see the Courts still cannot determine if Ms Pringle's was involved in a crash, because by their own definition she was not.  The Petitioner would also present she had no knowledge of said accident[2] occurring as supported in the record. Officer T.C. Hall stated in his report, Ms Pringle's comments were that she was unaware of an accident. ( See Attachment A-12)

Corporal A.C. Bennet states in his report, Ms Pringle did not see the crash occur. (See Attachment A-14) Officer Steven Votava questioned Ms Pringle as to if she was in an accident and she stated, "no". (See Attachment A-13) Expert witness, Mr Ruotolo admitted there was no physical evidence of a 2nd vehicle involved. (See Attachment A-6)

This knowledge is imperative as one cannot possibly know of an injury or death to a person without the knowledge of a crash first. Further, in order to willfully leave the scene, Ms Pringle would need to have knowledge of the crash for one cannot willfully and

---

(1) [2]    FL. Jury Instructions 28.4 has since changed to include that the "defendant knew that she was involved in a crash." As opposed to the former Jury Instructions that stated " Definitely knew or should have known."

intentionally leave the scene of an accident while at the same time being unaware of said crash.

The Florida Supreme Court in *Dorsett v. State* 158 So 3d. 557 (2015) determined that a willful violation of FL. Stat. 316.027 can only be established if the driver had actual knowledge that a crash occurred. Further the Supreme Court in *Dorsett* stated that the Fl. Stat. 316.027 "misstates the law" when they say the driver either "knew or should have known of a crash occurring." As of 2016 the Jury instructions now state that "the defendant knew that he/she was involved in a crash."

Wherefore without Ms Pringle meeting the initial element of "involved in a crash", there is no possibility of her meeting the other remaining elements of the crime:

**(1) Ms Pringle knew or should have known she was involved in a crash**
**(2) Ms Pringle knew or should have known of the injury or death.**
**(3) Ms Pringle willfully failed to stop at the scene of the crash and render aid.**

Without the Florida Supreme Court being able to completely define the term crash, there is no possibility that Ms Pringle could be charged with said crime because no evidence points to a crash occurring. Thereby this Court must find that there was a clear violation of Ms Pringle's 14th Right to Due Process and should rule accordingly.

Did you raise this claim in state court by direct appeal?
[ ] YES    [√] NO
Claim was raised in Post Conviction ___    Motion Rule 3.850
2. Did you raise this claim in a Rule 3.850 motion or otherwise?
[√] YES  [ ] NO
Rule 3.850
a. Name and location of the court where the motion or petition was filed: Fourth Judicial Circuit, Duval County
b. Case # *(if known)*: 16-2010-CF-02143
c. Date of Decision: 11-15-17
d. Result: Denied
3. Did you receive a hearing on your motion or petition?
[ ] YES    [√] NO
4. Did you appeal from the denial of your motion or petition?
[√] YES  [ ] NO
a. First District Court of Appeal, Florida
b. Case # *(if known)*: 1D17-5379

c. Date of Decision:  2/12/19  Mandate 6/11/19
d. Result: PCA-Denied

Is there any ground raised in this petition that has not already been presented in either state or federal court?
[ ] YES  [√] NO

## F.  Pending Proceedings

Do you have any petition or appeal currently pending (filed, but not yet decided) in *any* court (state or federal) for the judgment being challenged in this petition:
[ ] YES  [√] NO

## G. Future Sentence

Do you have any future sentence to serve (as in a consecutive sentence imposed) after you complete the sentence for the judgment challenged in this petition?
[ ] YES  [√] NO

## I. Timeliness of Petition

**If your judgment of conviction became final over one year ago, explain why the one year statute of limitations as stated in 28 U.S.C. § 2244(d) does not bar this petition: Direct Appeal**

10/31/2011        PCA
11/29/2011        Mandate Issued
▪Total of 42 untolled days  elapsed

3.800 (c) Motion for Modification or Reduction of Sentence
1/11/2012        Filed
3/12/2012        Order Denying
▪134 untolled days elapsed
Total of 176 untolled days

3.850 Motion for Postconviction Relief
7/25/2012        Filed
11/15/2017       Order Denying

9.141 (b) Appeal Taken for Order on 3.850 Motion
2/12/2019        PCA (Order Denying)
6/11/2019         Mandate Issued

§ 2254 Federal Petition for Writ of Habeas Corpus


## III RELIEF SOUGHT IN CURRENT § 2254 PETITION

Petitioner requests the Court grant this § 2254 petition and provide the following

relief:  Therefore, Petitioner asks that the Court grant the following relief:

As to Ground One   **That the Court reverse and remand the decision of the**

**Judgment of Acquittal and remand to the lower tribunal for new trial.**

<u>As to Ground two and four</u>  **The Court find that trial counsel failed in their representation and the case be remanded for a new trial.**

<u>As to Ground three</u>  **That the trial Court improperly instructed the jury, the case be remanded for a new trial where proper jury instructions be given.**

<u>As to Ground five</u>  **The Court find that the Petitioners conviction with lack of relative evidence of the elements of offense is unconstitutional and remand for a new trial.**

<u>As to Ground six</u>  **The Court find that the state did not prove every element of the crime beyond a reasonable doubt and remand for a new trial or any other relief to which Petitioner is entitled.**

I certify and declare, under penalty of perjury, that the foregoing is true and correct and that this petition was (check one) [ ] delivered to prison officials for mailing or [ ] deposited in the prison's mail system for mailing on the  10  day of  December  , 2019.

Date Dec 10, 2019 Petitioner's Signature: _____

Sasha Nicole Pringle ID# J42893
Hernando Correctional Institutional, 16415 Spring Hill Drive Brooksville, Florida 34604

## Certificate of Service

I certify that on  December 10, 2019  I mailed an original Petition under 28

U.S.C. § 2254 Writ of Habeas Corpus and attachments along with 2 copies to:
United States District Courts
Middle District
Jacksonville Division
Bryan Simpson U. S. Courthouse
300 N. Hogan St., Ste. 9-150
Jacksonville, Florida 32201

Sasha Nicole Pringle DC # J42893
Hernando Correctional Institutional
16415 Spring Hill Drive
Brooksville, Florida 34604

PROVIDED TO
HERNANDO CORRECTIONAL INSTITUTION
12 10 19

*Pringle, Sasha Nicole*          *Federal Habeas Corpus*          *page 25*