UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SASHA NICOLE PRINGLE,

Petitioner,

v.                                          Case No. 3:20-cv-35-HES-PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

Respondents.

_____

## ORDER

This Cause is before the Court's on Respondents' Motion to Alter or Amend Judgment (Motion) (Doc. 11).  Pursuant to Rule 59(e), Federal Rules of Civil Procedure, Respondents move this Court to alter or amend the judgment as reflected in the Court's September 21, 2021 Order (Doc. 9) granting in part the petition.  More specifically, Respondents submit that the Court made three clear errors of law concerning exhaustion, waiver, and the granting of relief in favor of Petitioner as to ground six (part two).  Motion at 6.  In the Motion, Respondents ask the Court to reconsider its order granting relief in part (Doc. 9) and seek amendment to the Judgment (Doc. 10) to reflect the change in holding.  Motion at 21.

Rule 59(e) affords the Court discretion to reconsider an order which it has entered.  See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000), cert.

denied, 532 U.S. 926 (2001); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). Indeed, under Rule 59(e), "a district court may 'alter or amend a judgment.'" Jenkins v. Anton, 922 F.3d 1257, 1263 (11th Cir. 2019). "The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir.) (per curiam) (quotations and citations omitted), cert. denied, 552 U.S. 1040 (2007).

This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also O'Neal, 958 F.2d at 1047.

2

The Court concludes Respondents have failed to present facts or law of a strongly convincing nature that would induce this Court to reverse its prior decision. Indeed, they have has not shown the existence of an error of fact or law as it relates to the Order and Judgment in this case. On the contrary, Respondents are attempting to re-litigate matters already considered and rejected by the Court (exhaustion, waiver, and ruling). The Eleventh Circuit recently opined, "[p]arties may not use a Rule 59(e) motion to 'relitigate old matters' or raise new arguments 'that could have been raised prior to the entry of judgment.'" Friedson v. Sheriff David Shoar, et al., No. 20-14803, 2021 WL 5175656, at *5 (11th Cir. Nov. 8, 2021) (per curiam) (not reported in Fed. Rptr.) (quoting Arthur, 500 F.3d at 1343)).

Respondents have not demonstrated any basis under Rule 59 warranting the Court's granting of a motion to alter or amend its Order (Doc. 9) granting in part the petition. They have not identified any change in the law or new evidence not presented in prior pleadings. More importantly, Respondents have not demonstrated clear error by the Court. A review of the applicable law convinces this Court that it has not committed a clear error in interpreting the law or the facts. As such, this is not a case in which the extraordinary remedy of granting a motion to alter or amend judgment should be employed.

3

As such, the Court finds this is not a case in which the extraordinary remedy of 59(e) is warranted; therefore, Respondents are not entitled to the relief they have requested, and the motion to alter or amend the judgment is due to be denied.

Accordingly, it is now

**ORDERED**:

The Motion to Alter or Amend Judgment (Doc. 11) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this ___10th___ day of November, 2021.

_____
UNITED STATES DISTRICT JUDGE

sa 11/10
c:
Sasha Nicole Pringle
Counsel of Record
Circuit Court (4th Judicial Circuit, Duval County, Florida)

4